**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Olivia O. Hans, ) | No. CV-08-0393-PHX-LOA |
| ) | |
| Plaintiff, ) | **NOTICE OF ASSIGNMENT** |
| ) | **AND ORDER** |
| vs. ) | |
| ) | |
| Homesite Indemnity Company, a foreign) business entity, John and Jane Does I-X;) Black and White Partnership I-X; and) ABC Corporations I-X, ) | |
| ) | |
| Defendants. ) | |

      Pursuant to Local Rule ("LRCiv") 3.8(a), Rules of Practice, effective December 1, 2007, all civil cases are, and will be, randomly assigned to a U.S. district judge or to a U.S. magistrate judge. This matter has been assigned to the undersigned U.S. Magistrate Judge.

      As a result of the aforesaid Local Rule, if all parties consent in writing, the case will remain with the assigned magistrate judge pursuant to 28 U.S.C. 636(c)(1) for all purposes, including trial and final entry of judgment. If any party chooses the district judge option, the case will be randomly reassigned to a U.S. district judge.  To either consent  to the assigned magistrate judge or to elect to have the case heard before a district judge, the appropriate section of the form, entitled Consent To Exercise Of

1 Jurisdiction By United States Magistrate Judge[1], must be completed, signed and filed.
2 The party filing the case or removing it to this Court is responsible for serving all parties
3 with the consent forms. Each party must file a completed consent form and certificate of
4 service with the Clerk of the Court not later than 20 days after entry of appearance, and
5 must serve a copy by mail or hand delivery upon all parties of record in the case.

6 Any party is free to withhold consent to magistrate judge jurisdiction
7 without adverse consequences.  28 U.S.C. 636(c)(2); Rule 73(b), Fed.R.Civ.P.; *Anderson*
8 *v. Woodcreek Venture Ltd.*, 351 F.3d 911, 913-14 (9th Cir. 2003) (pointing out that
9 consent is the "touchstone of magistrate judge jurisdiction" under 28 U.S.C. §636(c).  "A
10 party to a federal civil case has, subject to some exceptions, a constitutional right to
11 proceed before an Article III judge."  *Dixon v. Ylst*, 990 F.2d 478, 479 (9th Cir. 1993)
12 (citing *Pacemaker Diagnostic Clinic of Am. Inc. v. Instromedix, Inc.*, 725 F.2d 537, 541
13 (9th Cir. 1984) (*en banc*)).

14 A review of the Court's file indicates that Defendant Homesite Indemnity
15 Company filed a Notice of Removal on Felbruary 28January 23, 2008.

16 Defendant shall have until **March 24, 2008**, within which to make its
17 selection to either consent to magistrate judge jurisdiction or elect to proceed before a
18 U. S. district judge.  The Court's docket reflects the appropriate consent form was
19 electronically transmitted to all counsel on February 28, 2008 by the Clerk's office.

20 Accordingly,

21 **IT IS ORDERED** that the Defendant Homesite Indemnity Company shall
22 file on or before **March 24, 2008** its written election to either consent to magistrate judge
23 jurisdiction or elect to proceed before a United States district judge.

24

---

25
26 [1]The consent/election form may be obtained directly from the Clerk of the Court or by accessing the District of Arizona's web site at www.azd.uscourts.gov.  To find the
27 consent/election form on the District's web site, click on "Local Rules" at the top of the page, then click on "forms" on the left side of the page and then click on and print the appropriate
28 form.

1     **IT IS FURTHER ORDERED** that Plaintiff shall either consent to proceed
2 before a magistrate judge or elect to proceed before a district judge by **March 24, 2008**.
3     **IT IS FURTHER ORDERED** that counsel and any party, if
4 unrepresented, shall hereinafter comply with the Rules of Practice for the United States
5 District Court for the District of Arizona, as amended on December 1, 2007.   The
6 District's Rules of Practice may be found on the District Court's internet web page at
7 www.azd.uscourts.gov/.  All other rules may be found as www.uscourts.gov/rules/.  The
8 fact that a party is acting pro se does not discharge this party's duties to "abide by the
9 rules of the court in which he litigates." *Carter v. Commissioner of Internal Revenue*, 784
10 F.2d 1006, 1008 (9th Cir. 1986).
11     DATED this 4th day of March, 2008.

*[signature]*
Lawrence O. Anderson
United States Magistrate Judge