**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Olivia O. Hans, | ) No. CV 08-00393-PHX-JAT |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| Homesite Indemnity Company, et al., | ) |
| Defendant. | ) |
| Homesite Indemnity Company, | ) |
| Defendant/Counter Claimant | ) |
| vs. | ) |
| Olivia O. Hans, | ) |
| Plaintiff/Counter Defendant | ) |
| Homesite Indemnity Company, | ) |
| Defendant, Counter Claimant/ Third Party Plaintiff | ) |
| vs. | ) |
| Robert Hanna, | ) |
| Third Party Defendant | ) |

Pending before this Court is Defendant Homesite Indemnity Company's Motion for Leave to File First Amended Answer ("Motion to Amend") (Doc. # 39). The Court now rules on the Motion.

## I. FACTUAL BACKGROUND

The facts relevant to this Motion are as follows. Plaintiff Olivia Hans ("Plaintiff" or "Ms. Hans") filed suit against Defendant Homesite Indemnity Company ("Defendant" or Homesite') in Maricopa County Superior Court on January 15, 2008. The lawsuit stems from a physical altercation in which Plaintiff was injured at the Prescott Valley, Arizona residence of Janice Hanna ("Ms. Hanna" or "the insured") by Ms. Hanna's son, Robert Hanna. Defendant Homesite issued the homeowner's insurance policy ("Policy") carried by Ms. Hanna on her Prescott Valley residence.

Succinctly put, Plaintiff is now suing Homesite as an assignee of the rights of Robert Hanna – the son of the insured – under a "Damron Agreement." Relying upon an intentional tort exclusion in the Policy, Homesite did not provide a defense on behalf of Robert Hanna in conjunction with the incident that occurred at Ms. Hanna's home. As a result of that physical altercation and resulting injury, Mr. Hanna stipulated to a judgment against him in the amount of $675,000 in consideration of a non-execution agreement and assigned his rights to Plaintiff. Based on Homesite's denial of defense and indemnification to Mr. Hanna, Plaintiff now brings claims for breach of contract, bad faith breach of contract, and breach of the covenant of good faith and fair dealing against Homesite.

Homesite removed the state court action to this Court on February 28, 2008, and filed its answer and Counterclaim on March 10, 2008. Homesite now seeks leave to file an amended answer to assert additional affirmative defenses based on information obtained after filing its answer in March. Specifically, after obtaining information regarding the amount of Plaintiff's special and actual damages as well as records regarding Mr. Hanna's mental condition, Homesite seeks to assert the following three additional affirmative defenses: (1) the Damron Agreement was entered into as a product of fraud or collusion in light of Plaintiff's damages and/or Mr. Hanna's alleged mental condition, (2) the stipulated damages

in an amount in excess of twenty times the actual damages violates Homesite's procedural due process rights, and (3) Plaintiff's own selection of a punitive damages award in excess violates Homesite's procedural due process rights.

Plaintiff opposes the Motion on the basis that there are no grounds for the proposed amendment. Specifically, Plaintiff asserts that there is no evidence to support Homesite's allegations that Mr. Hanna lacked the requisite mental capacity to enter into the Damron Agreement, and that, to the contrary, the evidence reflects that the stipulated damages in the Damron Agreement were reached through negotiation and good faith. Plaintiff further argues that the multiplier of damages alone is not evidence of an arbitrary or irrational punitive award. For these reasons, Plaintiff urges the Court to deny Homesite's Motion to Amend.

## II.    LEGAL STANDARD

Motions to amend pleadings to add claims or parties are governed by Federal Rule of Civil Procedure 15(a), which provides:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Fed. R. Civ. P. 15(a). While the decision to grant or deny a motion to amend is within the discretion of the district court, "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see, e.g., Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971); *United States v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001) ("A district court's discretion to deny leave to amend . . . is not absolute.") (citing *Foman*); *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d. 1466, 1472 (9th Cir. 1987). "In exercising its discretion[,] . . . 'a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities. . . . Thus, 'Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality.'" *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987)

(citations omitted); *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (stating that leave to amend is generally allowed with "extraordinary liberality"). "This liberality . . . is not dependent on whether the amendment will add causes of action or parties." *DCD Programs, LTD. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

The extremely liberal policy in favor of amendments, however, is subject to some limitations. The United States Supreme Court has established that motions to amend should be granted unless the district court determines that there has been a showing of: (1) undue delay; (2) bad faith or dilatory motives on the part of the movant; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; or (5) futility of the proposed amendment. *Foman*, 371 U.S. at 182; *see SmithKline Beecham*, 245 F.3d at 1052; *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir. 1991); *W. Shoshone Nat'l Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991); *Cal. Architectural Bldg. Prods.*, 818 F.2d. at 1472; *Poling v. Morgan*, 829 F.2d 882, 886 (9th Cir. 1987). "Generally, this determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (citing *DCD Programs*, 833 F.2d at 186). Significantly, "[t]he party opposing amendment bears the burden of showing prejudice," futility, or one of the other permissible reasons for denying a motion to amend. *DCD Programs*, 833 F.2d at 187; *see Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988) (stating that leave to amend should be freely given unless opposing party makes "an affirmative showing of either prejudice or bad faith").

**III.   DISCUSSION**

Presumably arguing that the proposed amendment would be futile, Plaintiff asserts that there is no basis for the amendment as the evidence does not support Homesite's newly asserted defenses.

Regarding the futility of amendments to add claims, "[a] district court does not err in denying leave to amend where the amendment would be futile . . . or would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (citations omitted); *see Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) ("A motion for leave to

1 amend may be denied if it appears to be futile or legally insufficient.") (citation omitted). A motion for leave to amend is futile if it can be defeated on a motion for summary judgment. *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir. 1986). "However, a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller*, 845 F.2d at 214; *see Foman*, 371 U.S. at 182 (stating that "[i]f the underlying facts or circumstances relied upon by a [movant] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits"); *DCD Programs*, 833 F.2d at 186 (stating that "a motion to make an '[a]mendment is to be liberally granted where from the underlying facts or circumstances, the plaintiff may be able to state a claim'") (quoting *McCartin v. Norton*, 674 F.2d 1317, 1321 (9th Cir. 1982)).

Plaintiff, as the party opposing the proposed amendment as futile, has the burden to show its futility. *See DDC Programs*, 833 F.2d at 187. Plaintiff has not met that burden here. Plaintiff does not argue that the proffered defenses are not recognized defenses either generally or under the facts of this case, nor does she offer any authority to support her position that the Motion to Amend should be denied. Instead, Plaintiff argues only that the evidence does not support the new defenses identified in Homesite's Motion to Amend.

In ruling on the Motion to Amend, however, this Court need not decide whether Homesite will ultimately prevail on the defense. *See Boykin v. CFS Enterprise, Inc.*, Civ. No. 08-2249-CM-GLR, 2008 U.S. Dist. LEXIS 78481 (D. Kan. Oct. 6, 2008). Rather, it considers whether Homesite has alleged enough to offer evidence and proceed with the defense. The Court concludes that Homesite has done so. Homesite points to several factual allegations in its Motion which, if proved true, might constitute a valid and sufficient defense. Specifically, Homesite identifies Mr. Hanna's mental condition and the alleged incongruity between Plaintiff's special damages and the stipulated damage amount in the Damron Agreement as factors bearing upon the validity of that agreement. This Court, therefore, cannot conclude that "there is no set of facts that can be proved under the

1 amendment" to the answer that would constitute a valid and sufficient defense. Given the
2 foregoing, Plaintiff has failed to establish that Homesite's proposed amendments are futile.

3 Furthermore, this Court finds no other factors that would mitigate against granting
4 Homesite's Motion to Amend. Other than a cursory and otherwise unexplained statement
5 that the information regarding the multiplier of damages was not new to Homesite, Plaintiff
6 points to no other basis for denying Homesite's Motion to Amend, and this Court is aware
7 of none. Homesite's Motion was filed well within the amendment deadline set by this Court
8 in its Rule 16 Scheduling Order.[1] The Motion to Amend is Homesite's first request to
9 supplement its affirmative defenses, and there have been no repeated failures by Homesite
10 to cure deficiencies by previous amendments. There is no evidence of bad faith or dilatory
11 motives on the part of Homesite or undue prejudice that would result from granting the
12 Motion to Amend. Homesite maintains, and Plaintiff does not dispute that, at this stage in
13 the litigation, no deposition discovery has been conducted, and no substantive motions have
14 been filed. Given the foregoing, this Court concludes that there is no basis for denying
15 Homesite's requested amendment.

16 **IT IS THEREFORE ORDERED** granting Defendant Homesite Indemnity
17 Company's Motion for Leave to File First Amended Answer (Doc. # 39). The Clerk of the
18 Court shall file the Amended Answer lodged at Doc. # 40.

19 DATED this 29th day of October, 2008.

_____
James A. Teilborg
United States District Judge

---

[1] Homesite filed its Motion for Leave to File First Amended Answer on August 12, 2008 which was one month before the September 12, 2008 amendment deadline set in the Court's Rule 16 Scheduling Order.