1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Olivia O. Hans,<br><br>      Plaintiff,<br><br>vs.<br><br>Homesite Indemnity Company, et al.,<br><br>      Defendant.<br>_____<br>Homesite Indemnity Company,<br><br>      Defendant/Counter Claimant<br><br>vs.<br><br>Olivia O. Hans,<br><br>      Plaintiff/Counter Defendant<br>_____<br>Homesite Indemnity Company,<br><br>      Defendant, Counter Claimant/<br>      Third Party Plaintiff<br><br>vs.<br><br>Robert Hanna,<br><br>      Third Party Defendant | No. CV 08-0393-PHX-JAT<br><br>**ORDER** |

There are several motions pending before the Court, one of which causes this Court to sua sponte consider whether it has any obligation to recuse in this case. Specifically, in reviewing Mr. Hanna's motion seeking to consolidate this case with another case (Doc. #92), it became clear that Mr. Hanna has filed an, as yet unserved, complaint against the undersigned.

1     A judge must recuse when the judge's impartiality could reasonably be questioned. 28 U.S.C. § 455. However, a judge is not disqualified by a litigant's suit against him. *See e.g. U.S. v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986).

    In this case, the Court finds that Mr. Hanna's filing of a lawsuit against the undersigned does not disqualify the undersigned from presiding over this case. However, to the extent Mr. Hanna seeks to make that complaint a part of this case, that request will be denied.

    IT IS ORDERED that Mr. Hanna's motion to "attach" (Doc. #92), which is in reality a motion to consolidate CV 08-2331-PHX-DKD with this case, is denied.

    IT IS FURTHER ORDERED that because this Court has no jurisdiction over CV 08-2331-PHX-DKD, Mr. Hanna's motion to "drop the lawsuit against Judge James A. Teilborg" (Doc. #93) is denied because it was filed in the wrong case.

    IT IS FURTHER ORDERED that the motion for clarification (Doc. #60) is granted to the extent that the Court notes for the record that the Court will not treat Doc. #56 as a motion.

    IT IS FURTHER ORDERED that Mr. Hanna's motion to destroy illegally obtained records (Doc. #66), motion for extension of time (Doc. #70), and motion to destroy protected mental health records (Doc. #70) are all denied.

    The Court finds that Mr. Hanna's motion to have the legal right to sue (Doc. #73), motion to determine the legality of the signatures on the Damron agreement (Doc. #79) and motion to have the Damron agreement declared illegal (Doc. #91 - same document as Doc. #80) to all be essentially the same motion - i.e. a request to find that the Damron agreement is not binding. Because the Court does not require three sets of briefing on the same topic, IT IS FURTHER ORDERED that the motions at doc. #73, #79, and #91 are all denied, without prejudice, as duplicative. If Mr. Hanna wishes to file a single motion making all of his arguments regarding why the Court should set aside the Damron agreement, he may do so within the discovery and dispositive motion deadlines previously set by this Court.

1    IT IS FURTHER ORDERED that the Court will consider the Motion to Compel a Rule 35 Mental Health Examination (Doc. #83) at the February 6, 2009 status conference. If Mr. Hanna wishes to file a response, he must file it by January 27, 2009, any reply is due by February 3, 2009.

IT IS FURTHER ORDERED that Mr. Hanna's motion to withdraw his counterclaim against Homesite Indemnity Company (Doc. #93) is granted as follows: the counterclaim filed at Doc. #77 is deemed withdrawn (and stricken from the record); the Court also deems withdrawn and stricken from the record Mr. Hanna's answer filed at Doc. #56.  Mr. Hanna shall file a consolidated answer, with any counterclaim he may choose to add, by February 6, 2009.[1]  If a counterclaim is filed, an answer or other response to the counterclaim is due by February 27, 2009.

IT IS FURTHER ORDERED that because the counterclaim (Doc. #77) has been withdrawn and stricken, the motion to dismiss the counterclaim (Doc. #87) is denied as moot.

IT IS FURTHER ORDERED that Mr. Hanna's motion to attached a third-party claim to Olivia Hans (Doc. #94) is denied without prejudice; if Mr. Hanna wishes to file a third-party complaint against Ms. Hans, he shall file that **as part of** his answer and counterclaim that are due by February 6, 2009.  Again, Mr. Hanna is cautioned that the answer, counterclaim and third-party complaint must all be filed as part of a single document.  If a third-party complaint is filed, an answer or other response to the third-party complaint is due by February 27, 2009.

DATED this 15th day of January, 2009.

_____
James A. Teilborg
United States District Judge

---

[1] Mr. Hanna is cautioned that this new pleading will completely supersede his prior pleadings and must include his entire answer and counterclaim in this ONE document. *See generally Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).